IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAAL GITTENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 17-309 |
| ) | |
| JUDGE ELIZABETH K. KELLY, et al., ) | Judge Cathy Bissoon |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon Plaintiff Jamaal Gittens' ("Plaintiff") Motion to Reopen Time to File Appeal ("Motion to Reopen") (Doc. No. 10) and Motion to Amend Civil Damages ("Motion to Amend") (Doc. No. 11). For the reasons that follow, Plaintiff's Motion to Reopen will be granted and his Motion to Amend will be denied.

Plaintiff initiated this civil action on September 5, 2017, against Judge Elizabeth K. Kelly and the Erie County Domestic Relations division. (Doc. No. 3). On November 16, 2017, this Court issued an Order dismissing Plaintiff's Complaint pursuant to the screening provisions set forth in 28 U.S.C. § 1915(e). (Doc. No. 5). Judgment was entered against Plaintiff on the same date. (Doc. No. 6).

On February 1, 2018, Plaintiff contacted the Court and stated that he had never received a copy of the Order of Dismissal or the Judgment Order. (Docket Notation, 11/16/18). A copy of both documents was mailed to Plaintiff that same day. (Id.) On February 16, 2018, Plaintiff filed a Notice of Appeal. (Doc. No. 7).

In an Order entered on April 12, 2018, the Third Circuit Court of Appeals observed that Plaintiff's appeal was untimely but that he claimed to have never received this Court's Order of Dismissal. (Doc. No. 9). Consequently, the Court of Appeals construed Plaintiff's Notice of

Appeal as a motion to reopen the time for appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) and directed this Court to consider it as such. (Id.)

Under Federal Rule of Appellate Procedure 4(a)(6), a "district court may reopen the time to file an appeal" so long as: (1) the party seeking to reopen the time to appeal did not receive notice "of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) "the motion is filed within 180 days after the judgment or order is entered" or within 14 days after the movant receives notice, whichever is earlier; and (3) "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

Plaintiff has consistently maintained, both in filings to the Court of Appeals and in this Court, that he never received the Court's November 16, 2017 order dismissing this action. (Doc. Nos. 7, 10). In the absence of any evidence to the contrary, and in light of Plaintiff's otherwise prompt and diligent activity in this lawsuit, the Court finds Plaintiff's averments credible. Moreover, Plaintiff's Motion to Reopen was filed within 180 days of the Order of Dismissal, and the reopening of the time for appeal will not prejudice any party, particularly as the Defendants have never been served in this action. Because Plaintiff has satisfied all three conditions of Rule 4(a)(6), his Motion to Reopen will be granted. Plaintiff will have 14 days from the date of this Order in which to file an appeal, if he so desires. See Fed. R. App. P. 4(a)(6) ("The district may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if all conditions of Rule 4(a)(6) are satisfied).

Plaintiff's second pending motion seeks leave to amend his Complaint to increase his damage request from $500,000.00 to $2,000,000.00. (See Doc. No. 11). As Plaintiff's Complaint has already been dismissed with prejudice, his motion to amend that Complaint must be denied.

IT IS SO ORDERED.

July 27, 2018                                   s/ Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge


cc (via First-Class U.S. Mail):

JAMAAL GITTENS
1206 Marlene Street
Charlotte, NC 28208